

1  BENJAMIN B. WAGNER
   United States Attorney
2  R. BENJAMIN NELSON
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  (916) 554-2700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MJ-00207-AC-2 |
| Plaintiff, | Plea Agreement Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure |
| v. | |
| BRIAN JOHNSON, | DATE: November 16, 2015<br>TIME: 9:00 a.m. |
| Defendant. | JUDGE: Hon. Allison Claire |

## I.   SCOPE OF AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of California (the "government") and the defendant, BRIAN JOHNSON, by and through his attorney, enter into the following plea agreement. The information in this case charges the defendant with the unlawful taking of a migratory bird, in violation of Title 16, United States Code, Section 704(b)(1). This document contains the complete plea agreement between the government and the defendant regarding this case. This plea agreement is limited to the United

States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## II. GUILTY PLEA TO COUNT ONE

The defendant, BRIAN JOHNSON, agrees to plead guilty to Count One of the information, which charges unlawfully taking of a migratory bird, in violation of Title 16, United States Code, Section 704(b)(1), a Class B misdemeanor. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Stipulated Factual Basis attached hereto as Exhibit A are accurate. The defendant also agrees that this plea agreement will be filed with the Court and become a part of the record of the case.

## III. AGREEMENT TO COOPERATE

The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this plea agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used

to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

### IV.   SENTENCING RECOMMENDATION

In exchange for the defendant's plea of guilty to Count One of the information, the United States and the defendant jointly recommend the following sentence to the Court:

1. The parties recommend that upon the defendant's change of plea, the matter proceed directly to sentencing;
2. The defendant shall pay a fine of $690.00 forthwith; and
3. The defendant shall pay a special assessment of $10.00 forthwith.

### V.   MAXIMUM PENALTY

The defendant understands that for his conviction for the offense charged in Count One of the Information, the Court, in its discretion, may impose a sentence of not more than six months of imprisonment, a fine of not more than $15,000.00, or both. The Court must also impose a mandatory special assessment of $10.00 for the aforementioned offense.

### VI.   WAIVER OF CONSTITUTIONAL RIGHTS

The defendant understands that by pleading guilty to the aforementioned offense, he is waiving the following rights: to plead not guilty and to persist in that plea if already made; to have a court trial; to be assisted at trial by an attorney, who would be appointed if necessary; to subpoena witnesses to testify; to confront and cross-examine adverse witnesses; and not to be compelled to incriminate himself.

///

## VII. <u>WAIVER OF APPEAL AND COLLATERAL ATTACK</u>

The defendant understands that the law gives him a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

## VIII. <u>COURT NOT A PARTY</u>

The defendant understands that the Court is not a party to this plea agreement and is not bound by this agreement or the parties' stipulations about the facts of this case. Sentencing is a matter solely within the discretion of the Court. The Court may impose any sentence it deems appropriate, up to and including the statutory maximum stated above. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound

to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

### IX. DEFENDANT'S VIOLATION OF PLEA AGREEMENT OR WITHDRAWAL OF PLEA

Notwithstanding the agreement, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision.

### X. IMPACT OF PLEA ON DEFENDANT'S IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless

affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XI. ENTIRE PLEA AGREEMENT

The defendant acknowledges that other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## XII. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

DATED: Nov 16, 2015

_____
CANDICE FIELDS
Counsel for Defendant

### B. Defendant

I have read and carefully reviewed this plea agreement. I understand it, and I voluntarily agree to it. No other promises or inducements have been made to me other than those contained in this plea agreement.

///
///
///
///

1 In addition, no one has threatened or forced me in any way to
2 enter into this plea agreement.  Finally, I am satisfied with the
3 representation of my attorney in this case.

DATED: 11/5/15                    [signature]
                                  BRIAN JOHNSON
                                  Defendant

### C. **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

DATED: November 4, 2015           BENJAMIN B. WAGNER
                                  United States Attorney

                                  By: [signature]
                                  R. BENJAMIN NELSON
                                  Special Assistant U.S. Attorney

**EXHIBIT "A"**
**Stipulated Factual Basis**

If this matter proceeded to trial, the United States would prove the following beyond a reasonable doubt:

On September 1, 2015, the defendant, BRIAN JOHNSON, on private land in Sutter County, State and Eastern District of California, did take a migratory game bird by the aid of baiting, and on and over any baited area, and knew and reasonably should have known that the area was baited, in violation of Title 16, United States Code, Section 704(b)(1), a Class B misdemeanor.

On September 1, 2015, two California Department of Fish and Wildlife Game Wardens and one Special Agent for the U.S. Fish and Wildlife Service observed the defendant along with several other individuals hunting for mourning doves on or over a large open field that was covered with non-native seed bait. A mourning dove is a migratory bird. During a two-hour period, the officers saw the defendant shoot and kill multiple mourning doves while moving between several locations in the open field. The defendant knew that shooting mourning doves on or over a baited area was illegal. After the officers spoke with the defendant, the defendant admitted that that the foreign seed was obvious and that he should have left the area when he observed the bait.

I, BRIAN JOHNSON, have read and reviewed the factual basis with my attorney and agree to the truth and accuracy of the facts set forth in Exhibit A: Stipulated Factual Basis.

DATED: 11/5/15

_____
BRIAN JOHNSON
Defendant

PLEA AGREEMENT                               A                     U.S. v. BRIAN JOHNSON